LEO PERLMAN AND SIMA PERLMAN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 58597. Filed February 4, 1957.

*Alfred S. Pellard, Esq.,* for the petitioners.
*Rutheled B. Wolter, Esq.,* for the respondent.

OPINION.

RAUM, *Judge:* Petitioners argue that they are entitled to the deduction as an expense under section 23 (a) or as a loss under section 23 (e) of the Internal Revenue Code of 1939. However, we conclude on all the evidence that the release constituted a contribution to capital and, therefore, is not deductible in 1950 under any section of the Code.

The company's financial condition was acute. Its capital and surplus account was far too low in relation to the amount of premiums written, and there was danger that the State insurance authorities might take action that would cripple the company. It was in such circumstances that the chief examiner of the State department of insurance told petitioner that the matter of the unpaid compensation must be "disposed of." No practical alternative was open to petitioner. His purpose in canceling the indebtedness, although virtually forced upon him, was to strengthen the company's capital structure. To be sure, that purpose in turn had behind it petitioner's motive to protect his own investment in the company as well as his future salary, but the basic fact remains that he, a substantial stockholder and one of the principal officers, canceled the indebtedness in order to improve the financial condition of the company. We hold that such action constitutes a contribution to capital. It is settled that a contribution to capital need not be proportionate to the stockholdings of the contributor. *Harry Sackstein*, 14 T. C. 566, 569; *Dezso Goldner*, 27 T. C. 455.

Petitioner is not aided by the fact that what he contributed was his claim to unpaid compensation which he had reported as ordinary income in earlier years. Petitioner was on the cash basis of accounting and it is far from clear why he had reported as income amounts which he never received. But whatever the explanation for petitioner's actions in the earlier years,[1] he in fact chose to contribute his claim to unpaid compensation to the company and thereby strengthen its financial position. That, we hold, was a contribution to capital (cf. *Lidgerwood Manufacturing Co.* v. *Commissioner*, 229 F. 2d 241 (C. A. 2), certiorari denied 351 U. S. 951; *Bratton* v. *Commissioner*, 217 F. 2d 486 (C. A. 6)); it increased the basis of petitioner's stock, and he will obtain tax benefit therefrom when he subsequently sells or otherwise disposes of his stock in a taxable transaction.

*Decision will be entered for the respondent.*

---

[1] There is some suggestion in the record that he reported the unpaid salary on the theory of constructive receipt. However, the dubious financial condition of the company and the attitude of the directors against payment make doubtful whether the doctrine of constructive receipt would apply here. Perhaps the full salary was reported in order to support the company's claim to deduction therefor on its returns. Cf. sec. 24 (c), I. R. C. 1939.